UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-03419-AB (PJWx) | Date: | June 20, 2019 |

| | |
|---|---|
| Title: | *Roxana Dominguez v. Brenntag North America, Inc.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

Before the Court is a Motion for Remand ("Motion," Dkt. No. 15) filed by Plaintiff Roxana Dominguez ("Plaintiff"). Defendant Johnson and Johnson Consumer, Inc. ("Defendant") filed an opposition and Plaintiff filed a reply. The Court took the Motion under submission. For the following reasons, the Motion is **GRANTED**.

### DISCUSSION

Plaintiff initially filed this action in Los Angeles County Superior Court, asserting purely state-law claims against Defendants arising from the death of her father, Francisco Dominguez, allegedly as a result of using talcum powder. Mot. p. 1. Defendant removed the action on April 26, 2019, alleging that there is subject matter jurisdiction because Plaintiff's claim is related to a pending bankruptcy filed by Defendant Imerys Talc America, Inc. ("Imerys"), the talcum powder supplier. Thus, Defendant alleges that this Court has jurisdiction under 28 U.S.C. § 1452, Removal of Claims Related to Bankruptcy Cases, which allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending." 28 U.S.C. § 1452(a).

Once the claim is removed, the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Assuming the Court does have jurisdiction over the action, the Court concludes that equitable grounds support remand.

Courts have looked to several factors in assessing whether "equitable grounds" exist to remand actions removed under § 1452(a):

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*In re TIG Ins. Co.*, 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (citing *W. Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D. Cal. 1988)). The "on any equitable ground" standard "affords an unusually broad grant of authority," under which the Court may remand "if any one of the relevant factors . . . provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (S.D. Cal. 2007)).

Defendant removed the action to this Court with the intention of moving to transfer it to the United States District Court for the District of Delaware ("District of Delaware"), where Imerys filed its bankruptcy petition. *See* Notice of Removal (DKt. No. 1) at ¶ 7. Defendant filed a Motion to Fix Venue in the District of Delaware for claims related to Imerys's Bankruptcy under 28 U.S.C. §§ 157(b)(5) and 1334(b) in an effort to centralize the thousands of pending claims. Defendant argues that the District of Delware has the "sole authority" to fix venue in this action and thus, this Court should await the District of Delaware's decision on the venue motion before issuing a ruling on this motion.

Here, Plaintiff is a California resident and commenced this action in state court. Forcing Plaintiff to wait and litigate in an inconvenient out-of-state forum would be inequitable. Moreover, Plaintiff's claims have been pending in state court for over two years and are the subject of statewide proceedings with other related actions in state court. *Id.* The interest of uniformity weighs in favor of remand because the state's coordination of this action avoids inconsistent rulings. Uniformity further favors remand because a number of courts in this district have remanded cases like this on the same grounds. *See* Decl. Conor R. Nideffer (Dkt. No. 15-2) at ¶ 10. Judicial economy also supports remand because litigating in this Court would unnecessarily duplicate judicial resources. In addition, comity favors remanding this case to state court because Plaintiff

brings only state law claims. *See Estate of Scott v. Cervantes*, No. CV 08-03293 MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); *see also McCarthy*, 230 B.R at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and directs the Clerk to **REMAND** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**